IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID LYMAN SPALDING,   )<br>    ID # 47371-177,             )<br>        Movant,                     )<br>                                       )<br>vs.                                  )<br>                                       )<br>ADMINISTRATIVE OFFICE OF THE )<br>COURTS, et al.,                )<br>        Respondents.           ) | No. 3:19-CV-1547-M-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *A Petition for a Writ of Audita Querela – So Invoked Under the All Writs Act – 28 U.S.C. § 1651(a) – Involving* the *Fifth Circuit Appellate Case # 16-10289 –*, received on June 25, 2019 (doc. 2), and supplemented by the 161-page filing received on December 18, 2019 (doc. 14). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

### I.   BACKGROUND

David Lyman Spalding (Movant), an inmate in the federal prison system, was convicted of two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts One and Three), one count of mail fraud in violation of 18 U.S.C. § 1341 (Count Two), two counts of false testimony under oath in violation of 18 U.S.C. § 152(2) (Counts Four and Five), and one count of bankruptcy fraud-false statement in violation of 18 U.S.C. § 152(3) (Count Six). (*See* No. 3:13-CR-422-M(1), doc. 282 at 1.)[2] By judgment imposed on March 15, 2016, he was sentenced to concurrent sentences

---

[1] By *Special Order No. 3-251*, this case has been referred for findings, conclusions, and recommendation. It was transferred to a different U.S. Magistrate Judge on July 31, 2019. (*See* doc. 7.)

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this action, No. 3:19-CV-1547-M-BH. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing

of 180 months' imprisonment on Counts One, Two, and Three, and 60 months' imprisonment on Counts Four, Five, and Six, to be followed by a three-year term of supervised release. (*See id.*, doc. 282 at 2-3.) He was also ordered to pay a $600 special assessment and $3,391,146.80 in restitution. (*See id.*, doc. 282 at 5-8.) Movant appealed his conviction to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). (*See id.*, docs. 269, 277.) While his direct appeal was pending, he filed a petition for a writ of certiorari with the Supreme Court. *See* Pet. for Writ of Cert., *Spalding v. United States*, No. 17-8167 (Mar. 20, 2018). The Supreme Court denied the petition on April 23, 2018, and it denied Movant's request for rehearing on June 25, 2018. *Spalding v. United States*, 138 S. Ct. 1602 (2018), *reh'g denied*, 138 S. Ct. 2698 (2018).

On June 26, 2018, the Fifth Circuit affirmed the judgment of conviction, and it issued the mandate on July 18, 2018. *See United States v. Spalding*, 894 F.3d 173 (5th Cir. 2018); (No. 3:13-CR-422-M(1), doc. 333). On October 1, 2018, Movant filed a motion to recall and stay the mandate, and it was denied by the Fifth Circuit on October 11, 2018. *See United States v. Spalding*, No. 16-10289, docs. 00514671838, 00514677258 (5th Cir. 2018). Movant did not file a petition for a writ of certiorari with the Supreme Court after his conviction was affirmed.

On June 25, 2019, Movant filed a 124-page petition for a writ of *audita querela*, excluding the table of contents, numerous tables of authorities, and exhibits. (*See* doc. 2.) It raises the following grounds:

(1)   Whether the Chief Clerk [of the Fifth Circuit], et al., violated Petitioners [sic] Constitutional Right by their Denial of Access to the Fifth Circuit Court of Appeals;

(2)   Whether the Chief Clerk [of the Fifth Circuit], et al., exceeded their judicial authority and violated a United States District Court – Northern Dist. – Dallas – standing order, issued by USDC – Judge Lynn;

(3)   Whether the Chief Clerk [of the Fifth Circuit], et al., violated the Petitioners [sic] – First Amendment Right – the Right of Free Speech and the Right to Petition;

    (4)    Whether the Chief Clerk [of the Fifth Circuit], et al., violated the petitioners [sic] – Sixth Amendment Rights, when they refused petitioner the right to select appellate counsel of choice;

    (5)    Whether the Chief Clerk [of the Fifth Circuit], et al. forced a [sic] unreviewable procedural default rule upon the Petitioner;

    (6)    Whether the Chief Clerk [of the Fifth Circuit], et al., committed Fraud on the Appellate Court;

    (7)    Whether the Fifth Circuit Court of Appeals lacked the required Competent Jurisdiction to read, hear, argue and issue a Final Mandate in the Petitioners [sic] appeals case.

(doc. 2 at 10.) He seeks an order to the Fifth Circuit to recall its mandate and vacate the appeal, order a new appeal, or vacate his case and order a new trial. (*See id.* at 37, 46, 71, 86, 92, 109, 143.)

On October 11, 2019, Movant was denied leave to exceed the briefing page limitations in the local rules, and he was ordered to file an amended petition and supporting brief that complied with the page limitations within 30 days of receiving the order. (*See* doc. 11.) He then submitted a non-compliant, 161-page filing on December 18, 2019, that appears to include new claims against new parties. (*See* doc. 14.) Movant expressly states that the filing "is not to be considered the petitioners [sic] § 2255 Motion, wherein, petitioner states, as per his petition for the Writ of Audita Querela, his appeal is not moot." (*Id.* at 23.) The filing asserts various claims and generally alleges that during the underlying criminal proceedings: (1) "both the United States District Court and the USDC - Magistrate Court lacked competent and subject-matter jurisdiction to adjudicate" the case; (2) the "Magistrate Court" committed "Constitutional, Statutory, and Procedural violations"; (3) he was prejudiced by the "Magistrate Court" and appointed counsel where "'Pro Hac Vice' counsel, representing petitioner [sic] Constitutional Rights," would have challenged the jurisdiction and rulings of the "Magistrate Court," and would have challenged the appointment of

the Federal Public Defender (FPD) to represent Movant; (4) the "Magistrate Court" and the "USDC- Financial Srv. Off." violated the Equal Credit Opportunity Act (ECOA); (5) his representation by the FPD violated the Appointment Clause and his constitutional rights; and (6) "the Magistrate Court AND the FPD assigned defense counsel, withheld 'Brady' material, labeled as a 'civil Brady claim' and a Due Process violation under the 5th Amendment of the Constitution." (*Id.* at 22, 45, 51, 61, 74; *see also id.* at 19-78.)  He requests that his conviction and sentence be vacated, that his civil restitution case be vacated, and that he be immediately released from custody. (*See id.* at 79.)

The 161-page filing also included a request for leave to exceed the page limitations based on the cost of retyping compliant filings.[3]  (*See* doc. 14 at 5-6.)  His request to exceed the page limitations was denied, and to avoid piecemeal consideration of his filings setting forth grounds for relief, he was ordered to file one final request for relief setting forth all the claims he sought to raise, and a brief in support of his filing that complied with the page limitations in the local rules. (*See* doc. 18.)  He was advised that no further opportunities to amend would be granted.  (*See id.*)  Movant was also provided a copy of a standard form filed under 28 U.S.C. § 2255 in case he sought to challenge his conviction in the underlying criminal case.  (*See* doc. 18 at 2; doc. 18-1.)  He did not file a compliant request for relief or brief in support, and he has not filed a § 2255 motion.  In the absence of a final request for relief setting forth all claims he seeks to raise, the claims presented in the original, noncompliant petition for a writ of *audita querela*, supplemented by his noncompliant 161-page filing, are considered.

---

[3] The filing also moved for copies of transcripts and court documents related to his prosecution, an unrelated prosecution, the Criminal Justice Act, the Federal Reserve Bank, the Financial Services Office, and other matters. (*See* doc. 14 at 14-18.)  The motion was denied on December 23, 2019.  (*See* doc. 17.)

4

## II.     WRIT OF AUDITA QUERELA

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). It "can only be applied to rectify a judgment which, though correct when rendered, has since become infirm." *United States v. Miller*, 599 F.3d 484, 490 (5th Cir. 2010). As noted in *Banda* and restated in *Miller*, however, "[i]t is an open question whether the . . . writ survives as a post-conviction remedy." *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 488 ("the writ of *audita querela might also survive* in criminal adjudications, if there is a gap for it to fill.") (emphasis in original). Assuming the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 488. "Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id.* In addition, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.*

Here, to the extent that Movant's petition and supplemental 161-page filing may in any way be liberally construed as challenging the district court's judgment of conviction, he has not alleged that it was correct when rendered, but has now become infirm, as required to show entitlement to a writ of *audita querela*. *See Miller*, 599 F.3d at 490; *Brown v. Chandler*, No. 4:14-CV-559-A, 2014 WL 11514275, at *2 (N.D. Tex. Aug. 19, 2014) (finding that the writ of *audita querela* provided no relief where the petitioner failed to allege that the sentencing court's judgment was correct when rendered, but subsequently became infirm), *aff'd*, 606 F. App'x 267 (5th Cir. 2015). To the contrary, he alleges throughout his petition that he had at least twelve bases for challenging the judgment on appeal based on events that occurred prior to sentencing. (*See* doc.

2 at 30-34, 63-66, 79, 91.) Further, in his supplemental 161-page filing, Movant alleges various violations of his constitutional, statutory, and procedural rights by the Court and his appointed counsel during the criminal proceedings, which he claims render any rulings in the criminal case null and void and requires that his conviction and sentence be vacated, his restitution case be vacated, and that he be immediately released from custody. (*See* doc. 14 at 19-78.) Accordingly, any writ of *audita querela* challenging his district court conviction is inappropriate and unavailable because the petition and the supplemental 161-page filing clearly argue that the judgment was infirm at the time it was rendered.[4] *See Miller*, 599 F.3d at 489 (holding that the defendant had no viable case for a writ of *audita querela* where his arguments indicated that the judgment was infirm at the time it was rendered due to ineffective assistance of counsel). In addition, his claims were or could have been raised through other post-conviction remedies. *See id.* at 488; *United States v. Walters*, No. 3:06-cr-262-N (02), 2018 WL 2976748, at *1 (N.D. Tex. June 1, 2018) ("'[a] petition under § 1651, such as one seeking a writ of coram nobis or audita querela, is not available to a defendant in federal custody to raise claims that were or could have been raised through other remedies.'") (quoting *Vance v. United States*, Nos. 7:14CV00354 & 1:84CR00022, 2014 WL 3696096, at *2 (W.D. Va. July 23, 2014)).

Movant contends that actions taken during the appeal by the Chief Clerk of the Fifth Circuit and others, including their alleged employer, "violated [his] Constitutional and Statutory rights." (doc. 2 at 7; *see also id.* at 18, 28, 40, 44, 50-54, 62, 70, 74, 78-79, 82-84, 89, 96.)[5] He also appears

---

[4] Movant also appears to contend that he can be relieved from the judgment in his criminal case under Federal Rule of Civil Procedure 60(b)(6). (*See* doc. 14 at 28.) Any reliance on Rule 60(b)(6) as a basis for relief from his criminal judgment is misplaced because "the Federal Rules of Civil Procedure do not govern criminal proceedings." *United States v. Rene*, 785 F. App'x 240, 240 (5th Cir. 2019) (citing Fed. R. Civ. P. 1, 81); *see also United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b). . . simply does not provide for relief from judgment in a criminal case.").

[5] He made similar claims in his petition for a writ of certiorari filed in the Supreme Court while his direct appeal was pending, and in his motion in the Fifth Circuit to recall the mandate. *See* Pet. for Writ of Cert., *Spalding*, No. 17-

to claim that their actions violated the Administrative Procedures Act. (*See id.* at 138-42.) Movant additionally contends that actions taken during the underlying criminal proceedings by the Court, representatives of the Court, and appointed counsel violated his constitutional, statutory, and procedural rights. (*See* doc. 14 at 19-78.) Because other avenues are available to, and have been pursued by, Movant to seek relief on his claims of civil rights violations committed by federal officials, a writ of *audita querela* provides no basis for relief on his civil claims against the Chief Clerk, others, and their alleged employer during the appeal,[6] or against the Court, representatives of the Court, and appointed counsel in the underlying criminal proceedings. *See, e.g., Meyer v. United States Bureau of Prisons*, No. 3:17-cv-434-MOC, 2017 WL 3725613, at *4-5 (W.D.N.C. Aug. 29, 2017) (finding that no relief pursuant to *audita querela* was warranted where the petitioner may have been able to seek relief under a *Bivens* suit).

Further, to the extent Movant challenges the Fifth Circuit's decisions on appeal, "error[s] in the reasoning of [the Fifth Circuit] can only be corrected by application to [the Fifth Circuit] in the form of a motion to recall the mandate or a petition for rehearing, or by writ of certiorari to the Supreme Court." *United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016) (citing *Goodwin v. Johnson*, 224 F.3d 450, 459 (5th Cir. 2000) ("An individual seeking to avoid the effects

---

8167; *Spalding*, No. 16-10289, doc. 00514671838 at 9-10.

[6] Movant contends that because of the Chief Clerk's actions on appeal, he "will be forever barred" from raising the claims in a motion for writ of habeas corpus under 28 U.S.C. § 2255 since the claims were not presented on appeal. (doc. 2 at 30, 63; *see also id.* at 79, 89.) The procedural bar defense in § 2255 cases may be waived by the respondent, however, and a movant may also overcome the procedural bar by showing "cause" for the omission and "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (*en banc*). Any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude," unless the movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.* Movant did not file a § 2255 motion challenging his sentence or conviction in the underlying criminal case. Even if he had, and his claims were procedurally barred as he assumes, "[t]he fact that a movant cannot meet the requirements of § 2255 does not render the § 2255 remedy unavailable." *United States v. Schanck*, 774 F. App'x 239, 239 (5th Cir. 2019) (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam)). Because § 2255 is a remedy available to Movant, the writ *audita querela* is unavailable to challenge the underlying judgment.

of an appellate court's prior decision may bring to that court a motion to recall its mandate.")); *Bekendam v. TDCJ-CID/Parole*, 691 F. App'x 202, 203 (5th Cir. 2017) (quoting *Rodriguez*, 821 F.3d at 633). Since other remedies exist to challenge a determination by the Fifth Circuit, a writ of *audita querela* is not available to Movant.

Because a writ of *audita querela* is not available to Movant, his petition, as supplemented by his 161-page filing, should be dismissed for lack of jurisdiction.

### III. CIVIL CLAIMS

If Movant wishes to pursue relief on any civil claims raised in his petition for a writ of *audita querela*, or in his supplemental 161-page filing, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[7] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, the petition is not liberally construed as seeking to open a new case at this time. The District Clerk's Office is **INSTRUCTED** to forward Movant a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

### IV. RECOMMENDATION

The *A Petition for a Writ of Audita Querela – So Invoked Under the All Writs Act – 28 U.S.C. § 1651(a) – Involving the Fifth Circuit Appellate Case # 16-10289 –*, received on June 25,

---

[7] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

2019 (doc. 2), and supplemented by the 161-page filing received on December 18, 2019 (doc. 14), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 17th day of September, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE