IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID LYMAN SPALDING, ) | |
| ID # 47371-177, ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 3:19-CV-1547-M-BH |
| ) | |
| ADMINISTRATIVE OFFICE OF THE ) | |
| COURTS, et al., ) | |
| Respondents. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion to Suspend Response Back to the Magistrate Courts* [sic] *Ruling of Sept. 17, 2021*, received on October 21, 2021 (doc. 47). Based on the relevant filings and applicable law, the motion for a stay of these proceedings should be **DENIED**.

**I.    BACKGROUND**

On June 25, 2019, David Lyman Spalding (Movant), an inmate in the federal prison system, filed a petition for a writ of *audita querela* seeking relief based on alleged misconduct and errors during the appeal of his criminal judgment in Case No. 3:13-CR-422-M(1). (*See* doc. 2.) He later submitted a 161-page supplemental filing which appeared to include new claims against new parties relating to the proceedings in his underlying criminal case. (*See* doc. 14.) On September 17, 2021, it was recommended that his petition for a writ of *audita querela* and the 161-page supplemental filing be dismissed for lack of jurisdiction. (*See* doc. 43.) At his request, Movant's deadline to file objections to the recommendation was extended until November 6, 2021. (*See* doc. 46.) He now seeks to suspend "any and all responses back to the Magistrate and District

---

[1] By *Special Order No. 3-251*, this case has been referred for findings, conclusions, and recommendation. It was transferred to a different U.S. Magistrate Judge on July 31, 2019. (*See* doc. 7.)

Court – Northern District of Texas – Dallas" in this case pending the disposition of a civil action he filed in the United States District Court for the District of Columbia on August 9, 2021, "concerning the Constitutional status of the Federal Public Defenders so named." (doc. 47 at 1, 11; *see also An Appointment Clause Challenge*, No. 1:21-CV-02182-UNA, D.D.C. (Aug. 9, 2021).)

## II.   MOTION TO STAY

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). The Supreme Court noted that "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-55. While the district court possesses the authority to regulate its flow of cases, this authority is largely unreviewable and must not be abused. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.,* 761 F.2d 198, 203 n.6 (5th Cir. 1985) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 19 (1983)). "Nevertheless, stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir. 1982). The Supreme Court held that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis,* 299 U.S. at 257. "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Coastal,* 761 F.2d at 204 n.6. "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization[.]" *Id.*

Here, Movant argues that his Court-appointed counsel acted in violation of the Appointment Clause of the Constitution in the underlying criminal proceedings, and he challenges

2

the Court's jurisdiction in his criminal case. (*See generally* doc. 47.)  He claims that the September 17, 2021 recommendation asked him "**WHY** BOTH the Magistrate and District Court(s) was [sic] devoid of its required 'subject-matter jurisdiction' to proceed" in the underlying criminal case. (*Id.* at 9.)  In response, Movant contends that his attorneys "were thoroughly and completely **devoid** of any Constitutional authority to legally represent the indigent client – the said Movant / Petitioner – David L. Spalding.  Because of the lack of Constitutional standing before the Magistrate & District Court, and any 'Federal right to appear' before the Court(s) – then BOTH the Court(s) themselves were devoid of its required 'subject-matter jurisdiction' to proceed in the case, which the results were a 'legal nullity', so based on a 'hypothetical jurisdiction'. (*Id.* at 10.)

As discussed in the September 17, 2021 recommendation, the writ of *audita querela* is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment," and "where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010).  The recommendation also found that any writ of *audita querela* challenging Movant's district court conviction was inappropriate and unavailable because the petition and the supplemental 161-page filing clearly argue that the judgment was infirm at the time it was rendered.  (*See* doc. 43 at 6.) Movant's various claims of violations of his constitutional, statutory, and procedural rights by his appointed counsel also were or could have been raised through other post-conviction remedies, rendering the writ of *audita querela* unavailable to him.  (*See id.*)

In his motion to stay and in his pending civil action in Case No. 1:21-CV-02182-UNA in the District Court for the District of Columbia., Movant continues to argue that his criminal judgment was infirm at the time it was rendered, and he challenges the constitutional status of his counsel during the criminal proceedings.  Any determination by the District Court for the District

of Columbia on the constitutional status of Movant's counsel would have no bearing on the bases for dismissal set forth in the September 17, 2021 recommendation. Accordingly, Movant has failed to show a genuine necessity for the proposed stay of the proceedings in this district.

### III.   RECOMMENDATION

The *Motion to Suspend Response Back to the Magistrate Courts* [sic] *Ruling of Sept. 17, 2021*, received on October 21, 2021 (doc. 47), should be **DENIED**.

**SIGNED this 26th day of October, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE