**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID LYMAN SPALDING,** | ) | |
| **ID # 47371-177,** | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:19-CV-1547-M-BH** |
| | ) | |
| **ADMINISTRATIVE OFFICE OF THE** | ) | |
| **COURTS, et al.,** | ) | |
| **Respondents.** | ) | **Referred to U.S. Magistrate Judge**[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is a filing entitled, *Preservation of Errors Under the Federal Rules of Criminal Procedures – 51(b) and 52(b)*, received on January 11, 2022 (doc. 57). Based on the relevant filings and applicable law, it should be construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

## I. BACKGROUND

On June 25, 2019, David Lyman Spalding (Movant), an inmate in the federal prison system, filed a petition for a writ of *audita querela* seeking relief based on alleged misconduct and errors during the appeal of his criminal conviction in Case No. 3:13-CR-422-M(1). (*See* doc. 2.) He later submitted a 161-page supplemental filing which appeared to include new claims against new parties relating to the proceedings in his underlying criminal case. (*See* doc. 14.) On September 17, 2021, it was recommended that his petition for a writ of *audita querela* and the 161-page supplemental filing be dismissed for lack of jurisdiction. (*See* doc. 43.) The recommendation was accepted, the petition for a writ of *audita querela* was dismissed for lack of jurisdiction, and

[1] By *Special Order No. 3-251*, this case has been referred for findings, conclusions, and recommendation. It was transferred to a different U.S. Magistrate Judge on July 31, 2019. (*See* doc. 7.)

judgment was entered on November 12, 2021. (*See* docs. 50, 51.)

Movant now alleges seven "claims of errors":

> (1) Jurisdiction of the District Court to adopt the findings from the Magistrate Court 're-affirming' the said 'dismissal' of the Writ of Audita Querela from Dec. 23, 2019;
>
> (2) Authority of the District Court to issue a 'report & recommendation' (R&R) in the above mentioned [sic] case, that was 23 months late;
>
> (3) Jurisdiction of the District Court so establishing 'dual jurisdiction' with Fifth Circuit Court of Appeals with a properly filed Notice of Appeal in Feb. 2020;
>
> (4) A clear explanation of the de novo process of the Magistrate Court's rulings of July 1; July 23 and Aug. 9, 2021 – with specific determination of the findings and the said objections by the petitioner;
>
> (5) Jurisdiction of the Magistrate Court which was objected to in writing to this Court;
>
> (6) A clear explanation of the District Court's lack of review of the Magistrate Courts [sic] said devoid response and/or ruling on the authority – both statutory and Constitutional of the Fifth Circuit Court of Appeals – Lyle Cayce – the Chief Clerk concerning his April 20, 2021 DISMISSAL of the entire appellate case #20-10160, both factual and legal questions of law and appellate procedures; and
>
> (7) . . . The District Court need's [sic] to carefully explain WHY the Magistrate Court so 're-classified' the Writ of Audita Querela to a 'civil case' in Dec. 2019 – and WHY the Magistrate Court so demanded that a '5th Circuit Court filing fee' was due, wherein, in the United States v. Cornett, the 5th Circuit stated that the petitioner's 'IFP status' was not necessary, and so denied. The actions by the Magistrate Court is 'fraud upon the Court and the petitioner' so committed by an Article I Judge.

(doc. 57 at 2-3.) He also requests an evidentiary hearing. (*See id.* at 2.)

## II. FED. R. CIV. P. 60(B)

Movant challenges the Court's jurisdiction in these proceedings and the dismissal of this action, and he seeks explanation for various orders and determinations in the case. He therefore appears to seek relief from the judgment in this action. "A motion asking the court to reconsider

a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021). Because Movant's filing was dated and received almost two months after entry of judgment, it is properly construed as arising under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Movant's motion does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing

justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, Movant claims errors in the proceedings and judgment in this case based on alleged lack of jurisdiction or authority. (*See* doc. 57 at 2.) He appears to challenge the Court's jurisdiction to accept the September 17, 2021 recommendation "'re-affirming' the said 'dismissal' of the Writ of Audita Querela from Dec. 23, 2019," and its authority to "issue a 'report and recommendation' (R&R) in the above mentioned [sic] case, that was 23 months late." (*Id.*) He also appears to challenge the Court's "'dual jurisdiction' with the Fifth Circuit Court of Appeals with a properly filed Notice of Appeal in Feb. 2020." (*Id.*)

As noted in the September 17, 2021 recommendation, on October 11, 2019, Movant was denied leave to exceed the briefing page limitations in the local rules, and he was ordered to file

an amended petition and supporting brief that complied with the page limitations within 30 days of receiving the order. (*See* doc. 11.) He then submitted a non-compliant 161-page filing on December 18, 2019, that appeared to include new claims against new parties. (*See* doc. 14.) In that filing, he again requested leave to exceed the page limitations. (*See id.* at 5-6.) His request to exceed the page limitations was denied on December 23, 2019, and he was ordered to file one final request for relief setting forth all the claims he sought to raise, and a brief in support of his filing that complied with the page limitations in the local rules. (*See* doc. 18.) He did not timely file a compliant final request for relief as ordered, and instead filed an appeal to the Fifth Circuit in February 2020. (*See* doc. 26.) The appeal was dismissed on April 20, 2021. (*See* doc. 35.) After Movant's appeal was dismissed, and because he failed to file a compliant final request for relief as ordered prior to his appeal, the claims he presented in the original, non-compliant petition for a writ of *audita querela*, supplemented by his non-compliant 161-page filing, were considered in the September 17, 2021 recommendation. (*See* doc. 43 at 2-8.) The recommendation was accepted by order dated November 12, 2021. (*See* doc. 50.) Movant's allegations regarding the Court's jurisdiction to enter judgment in this case based on his February 2020 notice of appeal lack merit.

Movant also challenges the "[j]urisdiction of the Magistrate Court which was objected to in writing to this Court." (doc. 57 at 2.) To the extent he is referring to his *Non-Consent to the Exercise of Jurisdiction By a Magistrate Judge- Per the Magistrate Act of 1979 and Per 28 U.S.C. § 636(b)*, received on December 18, 2019, he was advised by order dated December 23, 2019, that a district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. 28 U.S.C. § 636(b)(a). (*See* doc. 20.) The order further explained that under that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which

provides for automatic referral of certain cases and matters to magistrate judges, and that this case fell under those automatic referral provisions. (*See id.*) Because the district court retained the ultimate decision-making authority for this case, his consent to the referral was not required. (*See id.* (citing *Nixon v. GMAC Mortg. Corp.,* 408 F. App'x 833, 834 (5th Cir. 2011)). His allegations on this issue have previously been addressed.

Movant also requests explanations for various rulings and determinations in this action. (*See* doc. 57 at 2-3.) Although he expresses disagreement and dissatisfaction with the orders entered in this case, and offers conclusory allegations challenging the Court's jurisdiction, he has failed to come forward with new, relevant facts, evidence, or persuasive legal precedent showing that his petition for a writ of audita querela is not subject to dismissal for the reasons stated in the recommendation.

Because Movant has failed to demonstrate exceptional circumstances warranting relief under Rule 60(b)(6) based on any of the grounds asserted in his motion, it should be denied.

## III. RECOMMENDATION

The *Preservation of Errors Under the Federal Rules of Criminal Procedures – 51(b) and 52(b)*, received on January 11, 2022 (doc. 57), should be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

**SIGNED this 21st day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE